Filed 9/23/16  P. v. Gaustad CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D070193 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF34723) |
| RICKY GAUSTAD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.

Conrad Petermann, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ricky Gaustad, an inmate at the Centinela State Prison, was charged with possession of a controlled substance in a state prison (Pen. Code,[1] § 4573.6), an offense punishable by two, three or four years in prison.  It was also alleged that Gaustad had a

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

strike prior (§ 667, subds. (b)-(i)). Gaustad entered into a plea agreement in which he was allowed to plead guilty to possession of drug equipment (§ 4573.8). That offense was punishable by 16 months, two or three years. The agreement provided that Gaustad would be sentenced to the lower term of 16 months, doubled because of the strike prior to a term of 32 months, consecutive with his current sentence.

Thereafter, the court granted Gaustad's motion to relieve counsel and new counsel was appointed. Gaustad then filed a motion to withdraw his guilty plea essentially on the grounds his counsel was ineffective and the prosecutor engaged in discriminatory prosecution because another inmate in a separate case, for the same type of offense allegedly got a better deal. The court denied the motion to withdraw the guilty plea. Gaustad was sentenced in accordance with the plea agreement.

Gaustad filed a timely notice of appeal, but did not obtain a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating he has not been able to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Gaustad the opportunity to file his own brief on appeal but he has not responded.

STATEMENT OF FACTS

On August 16, 2014, Gaustad was in the custody of a state prison in Imperial County. He was subjected to a routine body search which produced a bindle in his sock.

2

The bindle was wrapped in cellophane and contained three individual packages of marijuana weighing 1.3 grams.

## DISCUSSION

Although appellate counsel has not identified any reasonably arguable issues for reversal on appeal, counsel has identified several possible issues pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*)) to assist this court in our review of the record. Specifically, counsel has identified the following issues:

1. Whether the motion to withdraw the plea should have been granted because trial counsel was ineffective in recommending the plea agreement;

2. Whether trial counsel was ineffective for failure to raise a claim of discriminatory prosecution based on the plea agreement given to a different inmate in a different case; and

3. Whether the plea should have been set aside because counsel failed to raise issues regarding Gaustad's mental health in assessing the correct sentence.

We have reviewed the entire record as mandated by *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. We have not identified any reasonably arguable issue for reversal on appeal. Competent counsel has represented Gaustad on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


PRAGER, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.